IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANDRE THOMAS,

     Petitioner,

v.                                             Civil Action No. 1:04CV255
                                                                          (STAMP)

DOMINIC A. GUTIERREZ, SR., Warden,

     Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

                    I.   Procedural History

On December 9, 2004, the petitioner, Andre Thomas, appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the case to United States Magistrate Judge John S. Kaull, pursuant to Local Rule of Prisoner Litigation Procedure 83.09, to recommend disposition of this matter.

On July 25, 2005, Magistrate Judge Kaull entered a report recommending that the § 2241 petition be denied and dismissed with prejudice. The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. No objections have been filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of

a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because no objections have been filed, this Court has reviewed the magistrate judge's report and recommendation for clear error, and is of the opinion that it should be affirmed and adopted in its entirety.

## II. Discussion

In his § 2241 petition, petitioner contends that the Bureau of Prisons ("BOP") has unlawfully calculated his good conduct time ("GCT") in violation of 18 U.S.C. § 3624(b) by erroneously basing GTC upon actual time in prison rather than on the sentence imposed. Specifically, the petitioner argues that the BOP unlawfully calculated the petitioner's sentence at 627 days of GCT rather than 720 days of GCT.

After reviewing the record, the magistrate judge concluded that the BOP properly calculated the petitioner's GCT and recommended that the petitioner's § 2241 be denied. The petitioner did not filed objections to the report and recommendation.

As the magistrate notes, the Fourth Circuit has recently addressed the issue of good time in Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005). In Yi, the court recognized that "term of imprisonment" in 18 U.S.C. § 3624(b) is ambiguous, but held that the BOP's interpretation of the statute as requiring GTC to be based upon the inmate's time served should be upheld

because it is rational and consistent with the statute. Id.[1] Where the BOP's interpretation of § 3624(b) is reasonable, it is entitled to deference under Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984).

### III. Conclusion

Because this Court concludes that the magistrate judge's recommendation is without clear error, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the petitioner's motion to amend and supplement is GRANTED, his § 2241 petition is DENIED and this civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

---

[1] Other circuits have also determined that the BOP's interpretation of 18 U.S.C. § 3624(b) is reasonable and lawful. See Perez-Olivio v. Chavez, 394 F.3d 45, 49 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005); White v. Scibana, 390 F.3d 997 (7th Cir. 2004); Brown v. Hemingway, 53 Fed. Appx. 338 (6th Cir. 2002); Williams v. Lammana 2001 WL 11306069 (6th Cir. 2001).

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    October 12, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE